UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:17-cr-16-FtM-29CM

KAY F GOW,
ROBERT T GOW and
JOHN G WILLIAMS, JR.

_____

**OPINION AND ORDER**

This matter comes before the Court on the United States of America's Written Objections to Order Denying Application For Rule 17(c) Subpoena (Doc. #126) filed on December 31, 2018. Defendant John G. Williams Jr.'s Response (Doc. #129) was filed on January 12, 2019.  For the reasons set forth below, the Objections are overruled.

On November 30, 2018, the government filed an Application For Order Under the All Writs Act or, In The Alternative, Motion For Rule 17(c) Subpoena (Doc. #119).  The government primarily sought an order under the All Writs Act, 28 U.S.C. § 1651, to compel the attorney for Lee County, Florida to produce certain computer software material received under a protective order in a state civil case, and to compel defendant Williams to withdraw any objection or obstacle to such production.  As alternative relief, the government sought authorization to issue a subpoena under Fed. R. Crim. P. 17(c) to Williams FRM-Fast Response Maintenance, LLC

compelling it to produce such software materials prior to the federal trial. In due course the magistrate judge issued an Order (Doc. #124) denying both aspects of the government's motion.

Now before the Court is the government's objections to a portion of the magistrate judge's Order. The government has not objected to the denial of an order concerning its subpoena to the attorney for Lee County. The government does object, however, to the denial of its Rule 17(c) subpoena directed to early production of the computer materials from Williams FRM. The government argues that this portion of the Order is clearly erroneous and contrary to law. Defendant Williams agrees that the standard of review is clearly erroneous and contrary to law, but argues that the Order suffers from neither shortcoming.

The Court agrees with, and therefore adopts the factual findings and legal principles set forth at Doc. #124, pp. 1-10. While the denial of the Rule 17(c) subpoena was neither clearly erroneous nor contrary to law, the Court overrules the objection and denies the Rule 17(c) subpoena to Williams FRM based on a different legal principle. Rule 17(c) was not intended to provide an additional means of discovery for any party in criminal cases, but only reaches specifically identified documents that will be admissible as evidence at trial. United States v. Nixon, 418 U.S. 683, 697-700 (1974); Bowman Dairy Co. v. United States, 341 U.S. 214, 221 (1951); United States v. Silverman, 745 F.2d 1386, 1397

(11th Cir. 1984).  Here, there is no doubt that the government seeks the Rule 17(c) subpoena to obtain discovery material which it has never seen before, and believes may not even exist. (Doc. #119-4, p. 3.)  Such discovery is beyond the scope of a Rule 17(c) trial subpoena.  See United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) ("If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the [Rule 17(c)] subpoena is being misused.")

Accordingly, it is hereby

**ORDERED:**

The United States of America's Written Objections to Order Denying Application For Rule 17(c) Subpoena (Doc. #126) is **OVERRULED,** and the request for a Rule 17(c) subpoena is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of January, 2019.


_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record